UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| GIA INTERNTIONAL, LTD, | ) | Case No. 604-61378-fra7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| REPUBLIC OF CAMEROON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary No. 05-6262-fra |
| | ) | |
| DAVID WURST, Trustee and | ) | |
| INDIAN AIRLINES, LTD, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | |

BACKGROUND

The Plaintiff alleges in its Complaint that it transferred to Debtor the sum of $31 million for the purpose of obtaining an aircraft. Plaintiff further alleges that the money was used to procure a C-130 aircraft which was not delivered to the Plaintiff. It seeks a judgment declaring that it is entitled to the proceeds of Trustee's sale of the C-130 under a number of

MEMORANDUM OPINION - 1

theories. Defendants have competing interests in the assets of the estate. Indian Airlines, Ltd. is the only unsecured creditor to have filed a proof of claim.

Defendant Indian Airlines filed a Partial Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) and (7) on a number of grounds and a hearing was held on that motion on January 12, 2006. I ruled on the part of the motion regarding the failure to join an indispensable party (Rule 12(b)(7))at the hearing and took the remainder of the motion under advisement.

### STANDARDS FOR MOTION TO DISMISS UNDER RULE 12(b)(6)

Review of a complaint under FRCP 12(b)(6)is based on the contents of the complaint, the allegations of which are accepted as true and construed in the light most favorable to the plaintiff. North Slope Borough v. Rogstad *(In Re Rogstad),* 126 F.3d 1224, 1228 (9th Cir. 1997)(citations omitted). Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Naert v. Daff, *(In Re Washington Trust Deed Service Corp.),* 224 B.R. 109. 112 (BAP 9th Cir. 1998).

In considering the motion, the court may not consider any material "beyond the pleadings." Hal Roach Studios. Inc. v. Richard Feiner and Co. Inc., 896 F.2d 1542, 1555 n.19 (9th Cir.

MEMORANDUM OPINION - 2

1990). However, material which is properly submitted as part of the complaint may be considered. <u>Id</u>. Exhibits submitted with the complaint may also be considered. <u>Durning v. The First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).

## DISCUSSION

A. Non-Joinder of Cameroon Airlines (FRCP 12(b)(7))

Defendant seeks dismissal on the grounds that it believes that Cameroon Airlines, rather than the Republic of Cameroon, is the real party in interest and that certain of Plaintiff's claims cannot be justly adjudicated without the joinder of Cameroon Airlines. Fed.R.Civ.P. 12(b)(7) and 19, made applicable by Fed.R.Bankr.P. 7012,7019.

Defendant submitted with its motion additional documents (e.g. transcript of 11 U.S.C. § 341(a) hearing, lease agreement, declaration) which it claims show that Cameroon Airlines is the correct party to bring this action. Plaintiff submitted an affidavit of the Provisional Administrator and CEO of Cameroon Airlines in which he states that Cameroon Airlines neither has nor claims an interest in the proceeds of the Trustee's sale of the aircraft.

In order to be joined under Rule 19(a), an "outsider must claim the interest. Joinder will not be permitted if an interest is expressly disclaimed, a review of the pleadings indicates that a proposed party has no interest in the proceeding, or the

MEMORANDUM OPINION - 3

outsider does not actively assert his or her interest by seeking to join or intervene." 25 Fed Proc, L Ed § 59:102 (2001)(citing among others: <u>Continental Ins. Co. of New York v. Cotten</u>, 427 F.2d 48 (9th Cir. 1970), <u>Morgan Guaranty Trust Co. of New York v. Martin</u>, 408 F.2d 593 (7th Cir. 1972)). The motion to dismiss under Rule 12(b)(7) for failure to join Cameroon Airlines will be denied.

B. Motion to Dismiss Trust Claims (FRCP 12(b)(6))

The Complaint alleges that Plaintiff has a claim to the proceeds of the aircraft based on theories of express trust, resulting trust, and constructive trust. State law determines whether a trust exists in bankruptcy proceedings; if property is held in trust by a bankruptcy debtor, the property belongs to the beneficiary of the trust. <u>In re Bullion Reserve of North America</u>, 836 F.2d 1214, 1217 -1218 (9th Cir. 1988)(internal citations omitted).

    1. <u>Express and Resulting Trusts</u>

"An express trust is one in which the circumstances show that the grantor of the property intended to create a trust. A resulting trust is one in which the circumstances show that, while the grantor may not have expressly intended to create a trust, the grantor also had no intention to give the beneficial interest in the property to the grantee." <u>Lozano v. Summit Prairie Stock Assoc.</u>, 155 Or.App. 32, 37, 963 P.2d 92, 95

MEMORANDUM OPINION - 4

(1998)(citing Belton v. Buesing, 240 Or. 399, 405-406, 402 P.2d 98 (1965)). "An essential aspect of an express or a resulting trust is that the putative trustee has received property under conditions that impose a fiduciary duty to the grantor or a third person. A mere contractual obligation, including a contractual promise to convey property, does not create a trust." Id. at 38, 95-96 (internal citation omitted).

It its Complaint, the Plaintiff alleges that Debtor "agreed to procure aircraft for the benefit of Cameroon and that it would hold certain funds in the amount of $31,000,000 . . . to be deposited by Cameroon as a 'trust deposit' for the purpose of 'obtaining aircraft . . . on behalf of Cameroon." Complaint, ¶ 5. The Complaint further alleges that Cameroon, in reliance on Debtor's commitment, delivered the money to Debtor to "hold in its trust account." Complaint, ¶ 6. For purposes of the motion to dismiss, Plaintiff has alleged sufficient facts to put Defendant on notice that it has claims for an express or a resulting trust.

    2. Constructive Trust

"A constructive trust is simply a remedial institution invented by equity to avoid unjust enrichment in situations where there is no other available remedy." Belton v. Buesing 240 Or. at 409, 402 P.2d at 103. "The imposition of a constructive trust requires a confidential or fiduciary relationship between the

MEMORANDUM OPINION - 5

putative trustee and the putative beneficiary." Lozano v. Summit Prairie Stock Assoc., 155 Or.App. at 38, 963 P.2d at 96.

Unlike express or resulting trusts, "a constructive trust is a remedy which is inchoate prior to its imposition." Airwork Corp. v. Markair Express, Inc. (In re Markair, Inc.), 172 B.R. 638, 642 (BAP 9th Cir. 1994).

> Because it is a *remedy*, a constructive trust cannot affect rights in the res until it is imposed. A constructive trust imposed by state law pre-petition would therefore exclude the res from the debtor estate. If the remedy remains inchoate post-petition, however, it is subordinate to the trustee's strong arm power. The incipient beneficiary of a constructive trust has no rights greater than any other creditor of the debtor who has not reduced his claim to judgment and perfected it.

Id.(italics in original; internal citations omitted). The Plaintiff has not alleged that a constructive trust was imposed under state law prior to the bankruptcy petition date, but instead asks that one be imposed by the bankruptcy court. Pursuant to Markair, Plaintiff's interest in a constructive trust imposed in these circumstances would be junior to that of the Trustee and equal to that of other unsecured creditors. Accordingly, the Plaintiff's claim for a constructive trust will be dismissed.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

MEMORANDUM OPINION - 6

## CONCLUSION

The foregoing represents the court's findings of fact and conclusions of law. An order in accordance with this Memorandum Opinion will be entered by the court.

FRANK R. ALLEY, III
Bankruptcy Judge

MEMORANDUM OPINION - 7